I think it's still morning. Mr. Loyd in 1998 was convicted in federal court of a law that punishes facilitating interstate prostitution. I think it was of creating child pornography film and some very serious crimes. The question that we raised was what is the minimum that a court must impose as a sentence? Is it 15 years or is it 25 years? And the court concluded it was 25 years because under the federal statute this prior conviction for transporting prostitutes across the state line is within a list of statutes that the law says does enhance his sentence. At the end of that list, this integrated list of statutes which an offense of which causes the enhancement, there is a string modifier which says that without reference to anyone in particular just a string modifier following an integrated list says it must involve sexual abuse or sexual activity, children. When I first read that I said well his first offense doesn't count then. In fact I filed a couple of motions because I read it in the ordinary sense of the English language which says that any string well toward the end of our briefing the government presented this Supreme Court case, the names popped out of my head at the moment, which talks about the last in if within the string modifier they said that the last modifying event only was the only one that counted. But they didn't say anything about the question that's before this court. And I've given in my brief several. In Lockhart they decided it. They did decide in Lockhart that within the modifier, they didn't talk about this situation that's before this court which is whether or not the the nouns on the list. I thought that was the issue in Lockhart. The issue is... In statutory language it focused on a much broader, much narrower and more specific string. The fellow in that had a crime which was sexual abuse but it wasn't sexual abuse against a child. And the string modifier has sexual abuse, sexual assault, sexual crime wasn't against the child. And that against the child modifies every other modifier in the list. And the court said no it doesn't under the last ancillary rule of construction. He didn't argue that it applied to the 4 chapter 117 in that statute. Yeah, that's correct. So you're, you're, you're... Distinguishing. You're riding the dissent and... Yes. It seems to me you got a, you got a kind of an uphill argument here because you want to extend the dissent's reasoning further than the Lockhart petitioner was even willing to argue. Lockhart's facts weren't the same as ours because he did have a sexual abuse prior conviction. We don't. His was sexual abuse, ours is not. So we are going to let Justice Kagan embrace her and her argument, which makes sense to me. And also the construction in the reading of that, it must be unambiguous. And part of the reason I kind of say that is because it wasn't unambiguous even to the trial court. I think I had it in my brief that... I read through this position a number of times now, and it isn't perfectly clear. Well the rule of law with this court, and it's almost beatification of the rule of lenity, it must be ambiguous and be nearly perfectly clear. So for that reason, I think that the 25-year is inapplicable in this case either because the statute is ambiguous or maybe under the recent Johnson cases that we just can't tell. But in fairness to a defendant, provisions that provide for an extra 10 years of imprisonment must be unambiguously clear. And here they are not, the way I first read it. And I think the ordinary construction of the English language would say that I... maybe some people would read it the way I sort of saw it. The other reason I say that is because this was part of what was the name of it? The Adam Walsh Protection Act, which in 2006 made these the most federal, the highest punishment of any crimes on the federal list. And that is, it's the Child Protection and Safety Act. It's clear the whole body of this segment was about protecting children from sexual assault. And if you commit it once, you're going to jail for 15 years. If you commit it twice, you're going for life. Here, he doesn't have anything involving sexual abuse or abuse of a child or anything that relates to that penumbra under which all of these things come. So I think in fairness to him, the judge should have had correct reading of the statute in order to begin his sentencing effort. Thank you. Thank you. Counsel, we note you're appointed under the Criminal Justice Act and the court appreciates your your help. You're welcome. Mr. Lackner. Thank you, Your Honor. Good morning. May it please the court, Mr. McGlennan. I wasn't counsel below, but I am familiar with the record and since I think this is basically a legal argument, I should be able to answer all your questions. Our basic argument here is that Lockhart controls this decision. Also, there was a case McCoy, which I can get into as well by this court, which also tends, which does support the government's position here. But if we could talk about Lockhart first for a moment. Lockhart interpreted a sister statute, 2252 B2, which is written for purposes of this argument in this using the same words as the statute here, which is in 2251 E. The defendant's argument that Lockhart shouldn't apply is based upon a presumption that what we've got here is an integrated list of statutes. That there's nothing to differentiate what's listed in the federal versus the state. And it's not a question that you really need to contemplate because it's already been answered by the Supreme Court in Lockhart. The court, as it's beginning its analysis and explaining how it's going to handle statutory construction, says essentially that context is king and starts to analyze the internal logic of that statute. And it makes a point of saying there are three categories involved in that statute. One is for folks who haven't had a prior conviction. One is for folks who've had a federal conviction of the statutes that are listed. And the third category is for state convictions that meet the standards that McLennan refers to as the modifiers. The Supreme Court itself broke it up into three and therefore it cannot be considered as an integrated list and based on that alone the defense argument should be rejected. But there's another reason that the argument is wrong as seen in Lockhart. If the defendant was correct and absolutely the basis of his argument is that there has to be a parity in treatment and scope of the federal and state statutes. In other words, whatever limitations apply to the state statutes in the modifiers would also apply to the federal statutes. Yet the Supreme Court in response to a defense argument in Lockhart said, look, it sets out distinctions between the scope of the federal and state statutes as to what's covered under 2252B and points out, for example, that obscenity doesn't have an analog in the state listing but it's very much part of the federal statutes listed. If you don't have parity then you can't accept the defendant's argument because that's the very premise upon which he's arguing from. If you look at the statute itself there are two other reasons which contradict the defendant's argument. And one is that if you look at the listing of the state, I'm sorry, federal statutes they list four chapters 110, 71, 109A, and 117 and then they go and specifically separate out one statute section 1591 under chapter 77. What that tends to show is that Congress wanted and wanted to control the scope of the statutes as Mr. McGlennon argues they could have done it by not adopting coverage for all of chapter 77 but rather only the one statute in it dealing with sex trafficking of children or by force, fraud, or coercion. It shows that Congress, when they wanted to make it specific, they could. So what that means is if you look at the chapters that they've listed which are much broader than the modifier after the state statutes, you have to assume that Congress was mistaken. And I don't think there's any interpretation or canon of statutory interpretation that starts out with the beginning that Congress made a mistake. Well under his view what do you say would be the mistake? The mistake would be the Congress made in listing four chapters, very broad chapters, that cover more behavior than what's found in what Mr. McGlennon refers to as a modifier for the state convictions. Yet when it came to chapter 77 which is not 1991, it deals with sex trafficking of children and... I understood all that, I just don't understand what the mistake was. Well the mistake, I'm not saying there is a mistake what I'm saying is you'd have to assume there was a mistake. What would be the mistake? That Congress could specifically limit or did specifically limit one provision related to that, evidencing, adopting if you wanted to for a second Mr. McGlennon's argument that they knew how to limit it but yet in the other chapters they didn't. Why would Congress limit one chapter to one statute but not the others? The other chapters have behavior that's broader than the modifier in or most all other chapters, I can't say all of them. If the modifier applied there wouldn't have been any need to carve out section 1591 because the modifier would have narrowed chapter 77, is that what you're saying? I think that's better put, yeah. What I'm saying is... I don't understand why that would have been a mistake but maybe I'm just not tracking. Well no mistake is probably not a good term but the point is that it shows an incongruity in the I don't think you can assume that Congress intended. That the other chapters have broader behavior, not all of them but most of them, obscenity for example, and there's no attempt to limit it as there is with 1591 and the question is if Mr. McGlennon's argument is correct why would you limit one but not the others? I don't know if I'm... I understand the argument. Okay. And the other thing is, other argument I make is that if Congress had wanted to make an integrated list they knew how to and I would point out as an example 924E which talks not about, which doesn't separate out state convictions and federal convictions, but just talks about convictions by any court for and then goes into certain behavior. And the structure of this statute just seems to fly in the face of an attempt to limit the federal statutes as you would the state. I can also point out as we did in the McCoy case from this court that the defendant in that case had been convicted of possession of child pornography. He had a prior for obscenity under chapter 71. Chapter 71 was a, is one of the chapters listed. The court basically said and then quoted from the district court that this conviction, meaning the obscenity, an enumerated federal offense in title 18 chapter 71 triggers the enhanced penalty. And then the court then quotes the district court that basically said the bottom line is he was convicted of this offense therefore the enhancement applies. And unless the court has any other questions I think I've covered everything I want to. Thank you. Thank you. I just want to, the McCoy case I think with which you're familiar, product of this court, obscenity is sexual abuse. And in that case you found that his prior does relate to sexual abuse, categorically relates to sexual abuse. Child pornography categorically relates to sexual abuse. So you make the particular finding this conviction is related to sexual assault, which is what the modifier says. Any of these offenses have to be related to sexual abuse. In McCoy you found that it counted because categorically his prior pornography conviction related to sexual abuse. So I think the case favors us. Thank you very much. Thank you. Counsel has been well briefed and argued. We'll take it under advisement.